**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO. 20-MJ-06469-HUNT**

**UNITED STATES OF AMERICA,**

vs.

**JONATHAN MARKOVICH,
RICHARD WASERSTEIN,
DANIEL MARKOVICH,
JOSE SANTEIRO,
DREW LIEBERMAN,
JEFFREY DRAESEL,
CHRISTOPHER GARNTO,
MARIO KUSTURA,
FRANCISCO BOSCH, and
ELAN BAKHSHI,**

        **Defendants.**
_____/

**UNOPPOSED MOTION BY THE UNITED STATES FOR A PROTECTIVE ORDER**

The United States of America, by and through undersigned counsel, hereby moves this Court for entry of a Protective Order. A proposed Protective Order is attached to this Motion. In support of this Motion, the Government states as follows:

1. On September 25, 2020, the Government filed a criminal complaint (the "Complaint") in the above-captioned case. [D.E. 1].

2. The Complaint charges: JONATHAN MARKOVICH, DANIEL MARKOVICH, JOSE SANTEIRO, DREW LIEBERMAN, CHRISTOPHER GARNTO, and JEFFREY DRAESEL with Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349; JONATHAN MARKOVICH, RICHARD WASERSTEIN, and CHRISTOPHER GARNTO are also charged with conspiracy to commit money laundering in violation of 18 U.S.C.

1

§ 1956(h); RICHARD WASERSTEIN is also charged with substantive money laundering offenses in violation of 18 U.S.C. § 1957.  JONATHAN MARKOVICH, RICHARD WASERSTEIN, DANIEL MARKOVICH, CHRISTOPHER GARNTO, MARIO KUSTURA, FRANCISCO BOSCH, and ELAN BAKHSHI are charged with a conspiracy to pay/receive kickbacks and to violate EKRA in violation of 18 U.S.C. § 371.  Finally, JONATHAN MARKOVICH is charged with making false statements to a banking institution in violation of 18 U.S.C. § 1014, and bank fraud in violation of 18 U.S.C. § 1344(2).

3.   On September 28, September 30, and October 2, 2020, United States Magistrate Judge Patrick Hunt issued Standard Discovery Orders ("SDO") for nine Defendants at their initial appearances.  [See, e.g., D.E. 6, 10, 17-20, 23-25].

4.   The Government's discovery obligations will require the production and review of evidence in the possession of the Government which contains individually identifiable information disclosing medical and substance abuse treatment information about patients who are not parties to this proceeding ("Confidential Substance Abuse Patient Information").  Therefore, the Government seeks to produce this material subject to a Protective Order in order to comply with its discovery obligations in this case.

5.   Much of this material relates to substance abuse treatment, which is further protected under 42 U.S.C. § 290dd-2 and 42 C.F.R. §§ 2.1, et seq. and was obtained in the investigation of this case pursuant to an Order entered by United States Magistrate Judge Reid (the "Title 42 Order"), and subsequent orders issued by other Magistrate Judges.

6.   The evidence at issue includes approximately 2,285 patient files involving approximately 984 unique patients, making redaction of all patient identifying information burdensome and time consuming.  In addition, voluminous claims data contain Confidential

Substance Abuse Patient Information. Interview memoranda (302s) also contain Confidential Substance Abuse Patient Information, specifically patients' names, as do Facebook chats obtained pursuant to search warrants. Furthermore, the identities of the patients and facts contained in the patient files and claims data may be material and necessary to the prosecution or defense of this proceeding.

7. On October 8, 2020, pursuant to the procedures outlined in its application for the Title 42 Order, and the Title 42 Order itself, the Government will begin to provide notice to individuals whose patient records are in the Government's possession due to its investigation of this case, and advise that the individuals may apply to the Court to amend or revoke the Title 42 Order. The Government will allow these patients until October 29, 2020, to respond.

8. Under the Protective Order described below, the Government is authorized to produce discovery to the Defendants in encrypted form, that is, counsel for the Defendants shall provide 1-Terabyte encrypted hard drives to counsel for the Government, and the Government shall load the electronic discovery onto the encrypted drives provided by defense counsel and return them. Items that are not available in electronic format will be made available for review at the offices of the FBI. If any of those documents later become available in electronic format, they shall be loaded onto defense counsels' encrypted hard drives.

9. Accordingly, in order to protect the confidentiality of this information and to satisfy its obligations under the Standard Discovery Order and Fed. R. Crim. P. 16, the Government asks the Court to enter the following protective order, with the consent of the Defendants:

    a. The Government is authorized to produce discovery that contains Confidential Substance Abuse Patient Information to Defendants in encrypted form, on encrypted hard drives provided by defense counsel to the Government.

    b. Defense counsel shall maintain the encrypted drives in a locked room, locked file cabinet, or other secure area when not in use.

    c.      No copies of the encrypted drives may be made.  If documents containing Confidential Substance Abuse Patient Information are printed from the encrypted drive, they shall be maintained in a locked room, locked file cabinet, or other secure area when not in use.  If a party wishes to share an electronic copy of one of the documents or items on the encrypted drives containing patient identifying information, the copy must be encrypted and stored in a locked room, locked file cabinet, or other secure area when not in use. Documents and information that do not contain Confidential Substance Abuse Patient Information are not subject to the restrictions set forth in this paragraph.

    d.      Any Confidential Substance Abuse Patient Information that is disclosed to the Defendants in this proceeding shall be held in strictest confidence by defense counsel, and access to this material shall be restricted.  Access to this information shall be permitted to defense counsel staff only to the extent necessary to prepare their client's defense in the above-captioned action, and may not be used in any other matter or for any other purpose whatsoever.  Such information may be further disclosed by defense counsel to their client and to expert witnesses or investigators hired by the defense who must review and agree to be bound by the terms of this Protective Order.  Persons to whom any such information is disclosed on behalf of the Defendants shall not further disclose or disseminate this information without further Order of the Court.  Documents and information that do not contain Confidential Substance Abuse Patient Information are not subject to these restrictions.

    e.      No Confidential Substance Abuse Patient Information related to individuals who are not defendants or witnesses shall be entered in the record during trial, either through testimony or documents, or in motions in this proceeding, unless all practicable means of masking or redacting individual identifying information have been employed.  If it is not practicable to mask individual identifiers during testimony, or to redact individual identifiers from exhibits or motions, then the party wishing to proffer such evidence will first seek approval from the Court to do so and shall file such motions and exhibits under seal.

    f.      At the conclusion of this proceeding, meaning the conclusion of trial, following sentencing, the issuance of a mandate from the 11th Circuit Court of Appeals, United State Supreme Court opinion, United States Supreme Court certiorari order, post-conviction relief order, or 11th Circuit post-conviction relief opinion, whichever comes last, all individually identifiable medical information which was not entered in the record at trial through testimony or exhibits, and which is unnecessary to the maintenance of the record of the proceeding, shall be destroyed.  Counsel for the parties may maintain the encrypted drives through the completion of any direct appeals.  After that, the encrypted drives must be electronically "wiped" and counsel for the parties must file a certification with the Court of their compliance with this process. Alternatively, counsel for the parties

may return the encrypted drives to the FBI, who will maintain possession of the hard drives and dispose of them at the appropriate time.

g.     The FBI may maintain the evidence collected in the case in accordance with its 42 U.S.C. § 290dd-2 and other file retention and destruction protocols.

10.    Pursuant to Local Rule 88.9, the undersigned counsel has conferred with counsel for Defendants, who has stated that they have no objection to this Motion, nor to the entry of the attached Protective Order.

11.    Accordingly, the Government respects that this Motion be granted, and the Protective Order entered in this case.

>     Respectfully submitted,
>
>     ARIANA FAJARDO ORSHAN
>     UNITED STATES ATTORNEY
>
>     DANIEL KAHN
>     ACTING CHIEF
>     U.S. DEPARTMENT OF JUSTICE
>     CRIMINAL DIVISION, FRAUD SECTION

By:    /s/ *James V. Hayes*
       JAMES V. HAYES
       Senior Litigation Counsel
       FL Special Bar No. A5501717
       JAMIE DE BOER
       Trial Attorney
       FL Special Bar No. A5502601
       United States Department of Justice
       Criminal Division, Fraud Section
       1400 New York Avenue, N.W.
       Washington, D.C. 20005
       Phone: (202) 774-4276
       Email: James.Hayes@usdoj.gov
       Email: Jamie.deBoer@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

       */s/ James V. Hayes*