UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-6469-MJ-HUNT

UNITED STATES OF AMERICA

vs.

JONATHAN MARKOVICH,
RICHARD WASERSTEIN,
DANIEL MARKOVICH,
CHRISTOPHER GARNTO,
JOSE SANTEIRO,
ANDREW LIEBERMAN,
JEFFREY DRAESEL JR.,
ELAN BAKHSHI,
MARIO KUSTURA, and
FRANCISCO BOSCH,

        Defendants.
        _____/

## MOTION TO COMPEL

Defendants Jonathan Markovich, Richard Waserstein, Daniel Markovich, Christopher Garnto, Jose Santeiro, Andrew Lieberman, and Francisco Bosch, by and through undersigned counsel, hereby move for an order compelling the United States of America to provide properly redacted *Jencks* material in connection with the upcoming October 28, 2012 probable cause hearing. In support of this Motion, Defendants state the following.

## RELEVANT BACKGROUND

On September 25, 2020, the Government sought and obtained a sealed criminal complaint against ten defendants, charging them with various criminal charges ranging from conspiracy to commit health care fraud to money laundering. [D.E. 1; D.E. 2]. All the defendants surrendered and made their initial appearance over a five day period in front of Magistrate Judge Patrick Hunt. Defendants have a probable cause hearing set for October 28, 2020 [D.E. 51].

On October 7, 2020, the Government filed an agreed Motion for Protective Order that would protect any confidential information that would be produced in this prosecution. [D.E. 33]. The Court issued the Protective Order on the same day. [D.E. 34]. On October 16, 2020, in preparation for the upcoming probable cause hearing, the Government sent over purported *Jencks* material encompassing only reports for the testifying witness, Special Agent Alberto Bhoge, from the FBI. SA Bhoge was also the agent affiant who signed the Affidavit in support of the Criminal Complaint. In the produced *Jencks* material, the Government uniformly redacted the following information: (a) PII and law-enforcement sensitive information, including information pertaining solely to other ongoing investigations and internal FBI case numbers; (b) patient names, consistent with our previously-flagged concerns about revealing Confidential Substance Abuse Patient Information before the time for patients to object to the Title 42 order has elapsed (October 29, as detailed in the Protective Order); (c) the names of confidential witnesses or individuals (many if not most of whom appear in the Complaint;) and (d) the names of other treatment centers or individuals not known to be related to Compass/WAR.

Defendants object to the redactions of the latter two categories -- the names of confidential witnesses or individuals, and the names of treatment centers or individual not know to be related to Compass/WAR.

## **MEMORANDUM OF LAW**
**Legal Standard**

The Jencks Act, 18 U.S.C. § 3500, requires the government to produce, on motion by the defendant, any statement of a government witness which relates to the subject matter of the witness' testimony. *United States v. Soto*, 711 F.2d 1558, 1561 (11th Cir. 1983). When it comes to redactions made in a *Jencks* production, the law is clear and unequivocal: **"[i]f the prosecutor claims that portions of the witness' written statement do not relate to the testimony, the Act**

**requires the prosecutor to deliver the entire statement to the court for *in camera* inspection.** … The court then may excise any part of the statement that does not relate to the witness' testimony and deliver the redacted version to the defendant." *United States v. Rivera Pedin*, 861 F.2d 1522, 1527 (11th Cir. 1988) (emphasis added); *see also* 18 U.S.C.A. § 3500(c) ("If the United States claims that any statement ordered to be produced under this section contains matter which does not relate to the subject matter of the testimony of the witness, the court shall order the United States to deliver such statement for the inspection of the court in camera. Upon such delivery the court shall excise the portions of such statement, which do not relate to the subject matter of the testimony of the witness. With such material excised, the court shall then direct delivery of such statement to the defendant for his use."); Fed. R. Civ. P. 26.2(c) ("If the party who called the witness claims that the statement contains information that is privileged or does not relate to the subject matter of the witness's testimony, the court must inspect the statement in camera. After excising any privileged or unrelated portions, the court must order delivery of the redacted statement to the moving party. If the defendant objects to an excision, the court must preserve the entire statement with the excised portion indicated, under seal, as part of the record.").

The Government is not permitted to determine on its own whether portions of a *Jencks* statement relate to the witness' testimony under the Act; it is for the district court to decide. *See United States v. Conroy*, 589 F.2d 1258, 1273 (5th Cir. 1979) ("The task of determining whether statements relate to prosecution testimony is thus vested in the trial court, not in the government."); *Rivera Pedin*, 861 F.2d at 1527 ("The prosecutor, however, exceeded his role when he unilaterally decided which pages of the diary met the Jencks Act requirement of "relate[ing] to the subject matter of the testimony of the witness."); *United States v. Rodriguez*, 765 F.2d 1546, n.16 (11th Cir. 1985) ("The Jencks Act requires that the government deliver Jencks materials to the trial court

for an in camera inspection where the government claims that certain portions of the statements contain matter not relevant to the subject matter of the case."); *Palermo v. United States*, 360 U.S. 343, 354 (1959) ("[W]hen it is doubtful whether the production of a particular statement is compelled by the statute, we approve the practice of having the Government submit the statement to the trial judge for an in camera determination. Indeed, any other procedure would be destructive of the statutory purpose.").

## **ARGUMENT**

By its very language, the Jencks Act prohibits exactly what the Government is trying to do here. In considering the need for redaction, not only does the statute require the Government to present the unredacted information to the Court, but the statute only allows the possibility of redaction for "any statement ordered to be produced under this section contains matter ***which does not relate*** to the subject matter of the testimony of the witness." 18 U.S.C.A. § 3500(c) (emphasis added).

Here, the Government unilaterally decided that redactions were necessary; redactions which uniformly "relate to the subject matter of the testimony of the witness." 18 U.S.C.A. § 3500(c). The Government never sought leave from or permission of the Court for these redactions. The Government, in its apparent sole authority, has subjectively decided what redactions are appropriate. This is fundamentally improper. These redactions are especially relevant to a probable cause hearing, where SA Bhoge will be testifying to hearsay evidence obtained from the redacted names in these reports. In the probable cause hearing, the Government will not be required to call each of the witnesses necessary to establish probable cause, but rather, SA Bhoge will be testifying *en masse* to whatever was told to him or any law enforcement officer. This allows the Government to avoid sending *Jencks* or *Giglio* for each of these witnesses on which SA

Bhoge will be relying.  At the very least, Defendants should know the identity of any individual regarding any statements SA Bhoge relies on to form the basis for probable cause.

In their email disclosing the *Jencks* material, the Government cited to *United States v. Ligotti*, 20-mj-08265 as the basis for unilaterally proceeding with redacting the statements.  In that case, although the Government initially unilaterally redacted the *Jencks* material, they eventually submitted the statements to the Court for review.

The Government opposes this motion.

WHEREFORE, Defendants Jonathan Markovich, Richard Waserstein, Daniel Markovich, Christopher Garnto, Jose Santeiro, Andrew Lieberman, and Francisco Bosch, respectfully request that the Court grant their Motion to Compel properly redacted *Jencks* material.

    Respectfully submitted,

    CARLTON FIELDS JORDEN BURT, P.A.
    100 S.E. Second Street, Suite 4200
    Miami, Florida  33131
    Tel: (305)-530-0050
    Fax: (305) 530-0055

    By:    /s/ Michael S. Pasano
          MICHAEL S. PASANO
          Florida Bar Number 475947
          mpasano@carltonfields.com
          *Counsel for Jonathan Markovich*

    MARKUS/MOSS PLLC
    40 N.W. Third Street
    Penthouse One
    Miami, Florida 33128
    Tel: (305) 379-6667
    Fax: (305) 379-6668
    markuslaw.com

    By:    /s/ David Oscar Markus
          DAVID OSCAR MARKUS
          Florida Bar Number 119318
          dmarkus@markuslaw.com

/s/ A. Margot Moss
A. MARGOT MOSS
Florida Bar Number 091780
mmoss@markuslaw.com
*Counsel for Richard Waserstein*

TACHE, BRONIS, CHRISTIANSON AND DESCALZO, P.A.
150 S.E. 2 Avenue, Suite 600
Miami, Florida 33131
Telephone: (305) 537-9565
Facsimile: (305) 537-9567

By:   /s/ Marissel Descalzo
MARISSEL DESCALZO
Florida Bar Number 669318
mdescalzo@tachebronis.com
service@tachebronix.com
*Counsel for Daniel Markovich*

PATRICK TRESE, P.A.
12 SE 7th Street, Suite 703
Fort Lauderdale, Florida 33301
Telephone: 954-761-9166

By:   /s/ Patrick Trese
PATRICK TRESE
Florida Bar Number 492426
ptrese@gmail.com
*Counsel for Christopher Garnto*

MCDERMOTT WILL & EMERY LLP
333 S.E. 2nd Avenue
Suite 4500
Miami, Florida 33131
Tel: (305) 329-4442
Fax: (305) 402-6285

By:   /s/ Oliver Benton Curtis, III
OLIVER BENTON CURTIS, III
Florida Bar Number 118156
bcurtis@mwe.com
*Counsel for Jose Santeiro*

6

STUMPHAUZER, FOSLID, SLOMAN, ROSS, AND KOLAYA
2 S. Biscayne Boulevard
Suite 1600
Miami, Florida 33131
Telephone: (305) 371-9686
Facsimile: (305) 371-9687

By: /s/ Ryan K Stumphauzer
RYAN K. STUMPHAUZER
Florida Bar Number 12176
rstumphauzer@sfslaw.com

/s/ Michael Brian Nadler
MICHAEL BRIAN NADLER
Florida Bar Number 51264
mnadler@sfslaw.com
*Counsel for Andrew Lieberman*

S. PATRICK DRAY, P.A.
18501 Pines Blvd.
Suite 344
Pembroke Pines, FL  33029
Telephone: 305-401-7300
Fax: 786-513-2244 eFax

By: /s/ S. Patrick Dray
S. PATRICK DRAY
Florida Bar Number 180157
pat@patdray.com
*Counsel for Francisco Bosch*

7