UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60020- DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

v.

JONATHAN MARKOVICH and
DANIEL MARKOVICH,

    Defendants.
_____/

## DEFENDANTS JONATHAN MARKOVICH AND DANIEL MARKOVICH'S RESPONSE TO GOVERNMENT'S RENEWED MOTION TO EXCLUDE DEFENDANTS' EXPERT WITNESS [D.E. 223]

Defendants Jonathan Markovich and Daniel Markovich (collectively referred to as the "Markoviches"), by and through the undersigned counsel, hereby file this Response to the Government's Renewed Motion to Exclude Defendants' Expert Witness [D.E. 223], and state as follows:

The parties agreed to a Pre-Trial Scheduling Order (the "Order"), which this Court adopted [D.E.s 183-84]. Under the Order, the Government was obliged to disclose its expert witness summaries on or by June 11, 2021. Indeed, on that date, the Government provided a summary of Dr. Kelly Clark's actual proposed testimony. Prior to that date, the Government had simply "noticed" Dr. Clark as an expert and had provided her curriculum vitae to the Markoviches.

Dr. Clark's summary testimony outlined by the Government is extremely broad and includes, essentially, all aspects of drug and alcohol addiction and care. The Markoviches had been in the process of speaking to several potential experts – to serve as affirmative, testifying experts – well before June 11th. No such expert has been secured by the Markoviches.

However, after receiving Dr. Clark's summary testimony, the Markoviches shifted their

search for a rebuttal expert to counter Dr. Clark's wide, far-reaching opinions. On June 25, 2021, the Markoviches filed a notice of disclosure that they are seeking to secure an expert to rebut Dr. Clark's proposed testimony. [D.E. 204.] The Government alleges that the Markoviches are engaged in "semantic word-games" [see D.E. 211] by now claiming to need a rebuttal expert – and that they should be precluded from calling any such rebuttal expert, given the Order's deadlines. This allegation could not be further from the truth. There is a distinct difference – factually and legally – between an affirmative expert and a rebuttal expert. At this time, the Markoviches have stated to the Government that it has not located an expert to testify on an un-noticed and new topic or subject area. A rebuttal expert, to the contrary, would seek to counter Dr. Clark's trial testimony – and not render opinions on different topics or subject areas at all.

Importantly, the parameters of Dr. Clark's testimony have yet to be outlined by this Court. Defendant Daniel Markovich intends on filing a motion to challenge Dr. Clark's expertise and testimony under *Daubert*. Even if Dr. Clark were permitted to testify, the defendants will seek to limit the scope of her testimony. To that end, the scope of a rebuttal expert's testimony – or the need for it at all – is quite speculative at this juncture.

To be clear, the Markoviches do not intend on naming a rebuttal expert without advance and sufficient notice to the Government. Rather, the Markoviches are simply seeking to preserve the right to call a rebuttal expert to counter Dr. Clark's ultimate testimony, and requesting that the Court allot them some bandwidth of time to do so. The Markoviches understand that the Court set an initial deadline of July 7, 2021 to revisit this issue, and appreciate that time provided to do so. However, given the broad scope of Dr. Clark's testimony and volume of information in this case, no prospective rebuttal expert can definitively be named at this time. The Markoviches kindly request until July 20th to provide an update on this matter, if the trial date of August 2nd

remains firm.

As stated in D.E. 208, Rule 16(d)(2) gives the Court discretion on how to address this issue. The Government's interpretation that the Markoviches have somehow waived their right to introduce a rebuttal expert at trial—by not disclosing their rebuttal expert less than thirty days after the Government disclosed their expert's testimony and reports—is simply incorrect and provides an unnecessary and severe remedy. *See May v. Lake Front Grp Ltd.*, 2012 WL 12898021, at *1-2 (S.D. Fla. Sept. 7, 2012) (King, J.) (holding that, in civil case where defendant's disclosure of expert witnesses was similar to the disclosure at issue here, "striking [d]efendant's expert witnesses would be a severe and unnecessary remedy").

Dated: July 9, 2021                                                    Respectfully submitted,

| | |
|---|---|
| s/    *Marissel Descalzo*    | s/ *Michael Pasano*    |
| Marissel Descalzo (FBN 669318) | Michael S. Pasano (FBN 475947) |
| Email: mdescalzo@tachebronis.com | E-mail: mpasano@carltonfields.com |
| Tache, Bronis, and Descalzo, P.A. | CARLTON FIELDS |
| 150 S.E. 2 Ave., Suite 600 | 700 N.W. 1st Avenue, Suite 1200 |
| Miami, FL 33131 | Miami, Florida 33136-4118 |
| Tel: 305-537-9565 | Telephone: (305) 530-0050 |
| *Counsel for Daniel Markovich* | *Counsel for Jonathan Markovich* |