**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-CR-60020-DIMITROULEAS/SNOW**

**UNITED STATES OF AMERICA**

**v.**

**JONATHAN MARKOVICH and**
**DANIEL MARKOVICH,**

**Defendants**

**[REDACTED]**
**UNITED STATES' MOTION FOR AUTHORIZATION TO**
**RELEASE MATERIALS TO THE PROSECUTION TEAM**

The United States of America, by and through its assigned Filter Team,[1] respectfully files this Motion for Authorization to Release Materials to the Prosecution Team. Specifically, the Filter Team seeks authorization to release to the Prosecution Team the FBI FD-302 report of interview of a testifying witness that the Prosecution Team intends to call at trial of this case.[2] The Filter Team respectfully submits that the FD-302 report ("Report") and subject matters of the interview to which the Report relates, do not contain privileged information. However, after conferring with the defense, counsel for the Defendants indicated that, in their view, the entire Report (and the

[1] DOJ Assistant Chief John Kosmidis and Trial Attorney Joanna Bowman serve as Filter Team attorneys in this case. The Filter Team attorneys are assigned to the U.S. Department of Justice, Criminal Division, Fraud Section's Special Matters Unit and have a separate reporting and supervisory chain from the Prosecution Team in this case. Further, the Filter Team attorneys are supported by paralegals and other professional staff who are not part of the Prosecution Team. The Filter Team attorneys and their supporting staff only conduct the filter review and are not involved in the investigation or proceedings related to the above-captioned matter.

[2] A redacted motion is being filed on the public docket; the unredacted motion and certain exhibits will be provided to the Court under seal along with a motion to seal and will be served upon counsel for the Defendants.

information elicited during the related interview) should be considered to be privileged and thus off-limits to the Prosecution Team. Since the Report and the subject matters referenced may be relevant to the expected trial testimony of the witness, the Filter Team respectfully requests that the Court rule on this matter on an expedited basis.

Finally, even though the Defendants asserted only a blanket claim of privilege over the entire Report and did not discuss or assert privilege with specificity as to the various subject matters addressed in the Report that would support a *prima facie* privilege claim, the Filter Team has, in an abundance of caution, proposed that two sentences from the Report be redacted before it is released to the Prosecution Team. The Filter Team has thus filed a copy of the Report, indicating its proposed redactions, under seal — along with an unredacted version of this memorandum. *See* Ex. A (unredacted motion) and Ex. B (proposed redacted FBI 302 Report). The Filter Team respectfully requests that the Court order the Report be produced to the Prosecution Team with the redactions as proposed.

### I.  Facts

#### a.  Background.

Defendants Jonathan and Daniel Markovich (brothers), along with eight co-defendants, including Christopher Garnto, were charged via complaint in September 2020 in connection with a sober home fraud scheme involving sober homes that they owned and operated, including Compass Detox (Compass) and We Are Recovery (WAR). DE 1. The Defendants, Garnto, and five co-defendants were subsequently indicted in January 2021. DE 110. Garnto pleaded guilty in July 2021. DE 245. He is expected to testify at trial against the Defendants, which is scheduled to begin on September 13, 2021. DE 278.

**b. The Filter Team Interviewed Garnto.**

The Prosecution Team was mindful that a joint-defense agreement may have existed between the Defendants and Garnto prior to Garnto retaining his current counsel in April 2021. Accordingly, on August 30, 2021, the Prosecution Team requested that a Filter Team conduct an interview of Garnto on a limited topic, namely the dates and circumstances of Garnto's interactions with the Defendants vis à vis Garnto's fiancé's employment at the Defendants' sober homes. The Prosecution Team instructed the Filter Team not to inquire into any legal strategy or defense discussions between Garnto and the Defendants and to also direct Garnto not to disclose any privileged communications or any legal advice that Garnto and the Defendants may have discussed.

On September 2, 2021, the Filter Team (the Filter Team trial attorney along with a filter FBI agent, not part of the Prosecution Team) conducted a telephonic interview of Garnto regarding Garnto's interactions with the Defendants with respect to his fiancé's employment at the sober homes. Ex. C (Garnto FBI 302 at 1). Garnto's counsel was also present. Garnto FBI 302 at 1. At the beginning of the interview, the Filter Team trial attorney advised Garnto not to share any attorney-client privileged information. Garnto FBI 302 at 1.

During the interview, Garnto stated [REDACTED]

[page content redacted]

**United States' Motion for Authorization to Release Materials to the Prosecution Team — Page 4**

c. **The Filter Team Provided Defendants with the Opportunity to Review the Garnto FBI 302.**

On September 7, 2021, the Filter Team sent via email the September 2, 2021 Garnto FBI 302 to counsel for the Defendants to give the Defendants the opportunity to assert any privileges or protections over content in the Report. *See* Ex. D. The Filter Team noted that it had not provided the Garnto 302 to the Prosecution Team and requested that the Defendants provide the basis for their privilege assertions. *See* Ex. D.

In response, counsel for Daniel Markovich stated, in part:

> My client will assert a privilege. Any conversations prior to April 2021 would have been part of a JDA. Several weeks ago, the defense team informed AUSA DeBoer and AUSA Hayes in writing and over the telephone about the existence of the JDA.
>
> We anticipated that the government would stop inquiring into JDA topics. Given that the government had knowledge of the existence of the JDA, it is shocking that the government proceeded with the interview on September 2, 2021 and proceeded to inquire as to privileged topics.

*See* Ex. E. Counsel for Defendant Jonathan Markovich "echo[ed]" those "comments and Objections," and further stated: "We assert all privileges regarding Jonathan Markovich and stand by the JDA." *See* Ex. F.

**d. The Filter Team Recommends Redacting Two Lines in the Report.**

Out of abundance of caution, the Filter Team recommends redacting the following lines from the released Report in order to protect any potential privilege the Defendants may assert over this material

[redacted]

## II. Argument

The United States respectfully requests that the Court authorize the Filter Team to release the Garnto FBI 302 in redacted form (Ex. B) to the Prosecution Team because none of the content in the redacted Report constitutes potentially privileged or protected communications.

As an initial matter, the Filter Team — not the Prosecution Team — interviewed Garnto, and the Filter Team has not released this Report to the Prosecution Team. Rather, the Filter Team first provided the Report directly to the Defendants for the opportunity to assert privilege, *see* Ex. D, and is now providing the material to the Court for an order authorizing release of the material. *See In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means*, No. 20-14223, -- F.4th ---, 2021 WL 3852229, at *10 (11th Cir. Aug. 30, 2021) (describing a filter protocol as "suffic[ing] under the law" where the process allows the potential privilege holders to conduct an initial filter review and then either requires the privilege holder's permission or a court order before any potentially privileged documents be released to the investigation team.). That is exactly the process employed here. Indeed, where the material is in the government possession (as was here), "the use of a filter team to review them is 'respectful of, rather than injurious to, the protection of privilege.'" *Id.* (internal citation omitted). In addition, the Filter Team cautioned Garnto not to disclose any privileged information, tailored its questions to focus on the circumstances surrounding the fiancé's employment at the sober homes, and did not seek to obtain any potentially privileged material that may be protected by a joint defense agreement.

Second, the Defendants' blanket assertion of privilege over "any conversations prior to April 2021" is insufficient under the law. *See* Ex. E; Ex. F; *see United States v. Davis*, 36 F.2d 1028, 1044 n. 20 (5th Cir. Unit A 1981) ("Blanket assertions of privilege before a district court are usually unacceptable."). Rather, parties must assert privilege with specificity, which the Defendants failed to do. *See Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Att'ys, P.A.*, No. 9:18-CV-80311, -- F.Supp.3d ---, 2021 WL 505122, at *5 (S.D. Fla. Feb. 11, 2021) ("The party asserting the privilege 'must demonstrate that each essential element of the privilege is present with respect to the specific communication or document whose disclosure is sought.'") (internal citation omitted). "'That burden is not, of course, discharged by mere conclusory or ipse dixit assertions," — as the Defendants attempted to do here — "for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed.'" *Id.* (quoting *In re Bonanno*, 344 F.2d 830, 833 (2d Cir. 1965)). In particular, it is unclear what in the Report the Defendants contend is privileged. *See id.* ("The Court should not have to guess or speculate about the applicability of the privilege, for the party asserting it has the affirmative duty to demonstrate that it applies to each document or communication sought to be disclosed.") (internal quotations and citations omitted).

Moreover, no content in the Report (except for two possible lines, which the Filter Team proposes redacting out of caution) appears to be a protected privileged communication under any asserted joint defense agreement. "The attorney-client privilege attaches only to communications made in confidence to an attorney by that attorney's client for the purposes of securing legal advice or assistance." *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1224 (11th Cir. 1987). As an extension of the attorney-client privilege, the Eleventh Circuit also recognizes a joint defense privilege, which "protect[s] the confidentiality of communications passing from one party to the

attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by parties and their respective counsel." *United States v. Almeida*, 341 F.3d 1318, 1324 (11th Cir. 2003). In addition, as the Court has recently expressed, the "proponent of the joint defense/common interest privilege must establish that, when communications were shared among individuals with common legal interests, the act of sharing was part of an ongoing common legal enterprise." *United States v. Hernandez Frieri*, No. 18-20685-CR, 2021 WL 3772376, at *3 (S.D. Fla. Aug. 25, 2021) (internal quotations and citation omitted). Further, "[i]n order for a communication to fall within the protections of the common interest privilege, it must be shared with the attorney of the member of the common interest agreement." *United States v. Patel*, 509 F.Supp.3d 1334, 1341 (S.D. Fla. 2020).

Here, [redacted]

**Conclusion**

In sum, the Government respectfully requests that the Court grant its motion and authorize the Filter Team to release the redacted Report (Ex. B) to the Prosecution Team because none of the material in the redacted Report constitutes a protected or privileged communication, and the Defendants have not asserted with the requisite level of specificity that any of the material is so protected.

Dated: September 9, 2021

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

JOSEPH BEEMSTERBOER,
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

By:   /s/ John F. Kosmidis
Assistant Chief
Court No. A5502660
Special Matters Unit
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
Cell: (202) 641-3109
Tel: (202) 353-9871
john.kosmidis@usdoj.gov

/s/ Joanna K. W. Bowman
JOANNA K. W. BOWMAN
Trial Attorney
Special Matters Unit
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Avenue, N.W.
Washington, DC 20005
Office: (202) 307-1462
Cell: (202) 506-0415
Joanna.Bowman@usdoj.gov

**CERTIFICATE OF CONFERRAL**

I HEREBY CERTIFY that the Government, via its Filter Team, and counsel for Defendant Jonathan Markovich and counsel for Defendant Daniel Markovich conferred on the instant motion and they oppose the Government's motion.

                                                            By:    /s/ *John F. Kosmidis*
                                                                                        John F. Kosmidis

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 9, 2021, I caused the foregoing to be filed with the Clerk of the Court via the court's electronic filing system CM/ECF.

I HEREBY CERTIFY that on September 9, 2021, I served the foregoing on counsel for Defendant Jonathan Markovich and counsel for Defendant Daniel Markovich via the court's electronic filing system CM/ECF.

By:  / s/ *John F. Kosmidis*
      John F. Kosmidis