**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CR-60020-DIMITROULEAS/SNOW**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**

**RICHARD WASERSTEIN,**

      **Defendant.**

___

**UNITED STATES' UNOPPOSED MOTION FOR**
**ENTRY OF A FORFEITURE MONEY JUDGMENT**

Pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby moves for the entry a forfeiture money judgment against the Defendant, **RICHARD WASERSTEIN**, for $5,792,828 (US). In support of this motion, the United States provides the following factual and legal bases.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 29, 2020, the Defendant was charged in a thirty-five (35)-count Indictment [ECF No. 110]. As relevant here, Count Twenty-Four of the Indictment charged the Defendant with conspiracy to money laundering, in violation of Title 18, United States Code, Section 1956(h).

The Indictment provided notice in its forfeiture allegations that the United States intends to forfeit any property, real or personal, involved in the violation of Title 18, United States Code,

Section 1956(h), or any property traceable to such property. *See* Indictment, ECF No. 110 at 40-42.

On February 16, 2022, the Court conducted a change of plea hearing in this case, during which the Defendant pled guilty to Count Twenty-Four of the Indictment. *See* Change of Plea Minutes, ECF No. 500; Plea Agreement, ECF No. 506. On page 9, paragraph 17, of the Plea Agreement [ECF No. 506], the Defendant agreed to the entry of a forfeiture money judgment against him for $5,792,828 (US), which he agreed in the same paragraph is a sum of money equal in value to the property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h), or any property traceable to such property.

In support of his guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 507.

The Court set the Defendant's sentence for April 27, 2022. *See* Order, ECF No. 501.

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

Federal law mandates that a court in imposing sentence on a person convicted of a violation of 18 U.S.C. § 1956, "shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1).

### B. Forfeiture Money Judgments

In addition to forfeiting specific property, the Eleventh Circuit has held that entry of a forfeiture money judgment against a defendant is an authorized punishment under 18 U.S.C. § 982(a)(1) and (7). *See United States v. Hoffman-Vaille*, 568 F.3d 1335 (11th Cir. 2005)(holding

that the district court did not err in entering a forfeiture money judgment against the defendant under 18 U.S.C. § 982(a)(7), but vacating judgment of forfeiture and remanding to allow the district court to make necessary corrections to its money judgment calculation); *see also United States v. Seher*, 574 F.Supp.2d 1368 (N.D.Ga. 2007)(entering a forfeiture money judgment in the amount of $1,610,400 against a defendant convicted of violating 18 U.S.C. §§ 1956(h) and (a)(3)(B) pursuant to 18 U.S.C. § 982(a)(1)); *see also United States v. Seher*, 652 F.3d 1344, 1372 n.30 (11th Cir. 2009)(stating that the Eleventh Circuit has expressly rejected the argument that district courts lack the authority to enter forfeiture money judgments generally and specifically affirming forfeiture money judgments imposed for violations of the federal money laundering statutes).

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). Furthermore, Fed. R. Crim. P. 32.2(b)(1) and (c)(1) specifically authorize entry of forfeiture money judgments. Indeed, such orders are well-established. *See United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir.2008)("[I]t is equally clear that the federal rules explicitly contemplate the entry of money judgments in criminal forfeiture cases"); *United States v. Navarro-Ordas*, 770 F.2d 969 (11th Cir. 1985)(court may enter "personal money judgment" against the defendant for the amount of illegally obtained proceeds).

A forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy such forfeiture money judgment, the

Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).

C.  **Substitute Property**

If directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(e); *United States v. Duboc*, 694 F.3d 1223, 1226 (11th Cir. 2012) ("Section 853(p) provides that where the government proves that it was entitled to forfeiture, but the specific property is no longer available, the district court shall order the forfeiture of substitute assets."); *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007) (any property of the defendant may be forfeited as a substitute asset). Substitute assets are available for forfeiture upon a showing that, due to the defendant's act or omission, directly forfeitable property:

4

      (A) cannot be located upon the exercise of due diligence;
      (B) has been transferred or sold to, or deposited with, a third party;
      (C) has been placed beyond the jurisdiction of the court;
      (D) has been substantially diminished in value; or
      (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p). The government may establish such unavailability through an agent's declaration. *See United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009).

      **D.**    **Difference Between Forfeiture and Restitution**

Both forfeiture and restitution are mandatory in criminal cases. *See United States v. Brummer*, 598 F.3d 1248, 1250-51 (11th Cir. 2010) (the word "shall" does not convey discretion and the district court was required to order forfeiture of the property in accordance with Fed. R. Crim. P. 32.2); 18 U.S.C. § 3664(f)(1)(A) (requiring district courts to order restitution in the full amount of each victim's losses). Although sometimes conflated, forfeiture and restitution serve different purposes. "While restitution seeks to make victims whole by reimbursing them for their losses, forfeiture is meant to punish the defendant by transferring his ill-gotten gains to the United States Department of Justice." *United States v. Joseph*, 743 F.3d 1350, 1354 (11th Cir. 2014) (citing *United States v. Browne*, 505 F.3d 1229, 1281 (11th Cir. 2007), *United States v. Venturella*, 585 F.3d 1013, 1019-20 (7th Cir. 2009), and *Libretti v. United States*, 516 U.S. 29, 39 (1995)). Because of this distinction, the Eleventh Circuit has repeatedly held that district courts cannot use restitution to offset the forfeiture amount ordered, or vice versa. *See United States v. Hernandez*, 803 F.3d 1341, 1343-44 (11th Cir. 2015); *Joseph*, 743 F.3d at 1354 ("In light of the statutory framework governing restitution and forfeiture, we hold that a district court generally has no authority to offset a defendant's restitution obligation by the value of forfeited property held by the government, which is consistent with the approach taken by the Fourth, Seventh, Eighth, Ninth, and Tenth Circuits."); *United States v. Bane*, 720 F.3d 818, 827 n.8 (11th Cir. 2013); *United States*

*v. Hoffman-Vaile*, 568 F.3d 1335, 1344-45 (11th Cir. 2009); *Browne*, 505 F.3d at 1281 (finding defendant's disgorgement of illicit profits did not divest the United States of its forfeiture interest in the full amount of offense).]

### E. Property Subject to Forfeiture in Instant Criminal Case

Based on the agreement of the parties, record in this case, the total value of the gross proceeds that the Defendant obtained that are traceable to the offense to which he pled guilty is $5,792,828 (US). Therefore, this sum may be sought as a forfeiture money judgment pursuant to Title 18, United States Code, Section 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

### LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mail on March 1, 2022, and there is no opposition/objection to the relief sought.

          Respectfully submitted,

          JUAN ANTONIO GONZALEZ
          UNITED STATES ATTORNEY

By:   *s/Daren Grove*
          _____
          Daren Grove (Court No. A5501243)
          Assistant United States Attorney
          E-mail: daren.grove@usdoj.gov
          500 E. Broward Boulevard, Suite 700
          Fort Lauderdale, Florida 33394
          Telephone:  954.660.5774
          Facsimile:  954.356.7180