**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CR-60020-DIMITROULEAS/SNOW**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**

**RICHARD WASERSTEIN,**

        **Defendant.**

**PRELIMINARY ORDER OF FORFEITURE**

**THIS CAUSE** is before the Court upon the Motion by the United States of America (the "United States") for a preliminary order of forfeiture (the "Motion") [ECF No. ___]. Having reviewed the Motion, the record, and the applicable law, the Court finds as follows with respect to forfeiture and the Defendant, Erik Santos:

    1.    On July 29, 2020, the Defendant was charged in a thirty-five (35)-count Indictment [ECF No. 110]. As relevant here, Count Twenty-Four of the Indictment charged the Defendant with conspiracy to money laundering, in violation of Title 18, United States Code, Section 1956(h).

    2.    The Indictment provided notice in its forfeiture allegations that the United States intends to forfeit any property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h), or any property traceable to such property. *See* Indictment, ECF No. 110 at 40-42.

    3.    On February 16, 2022, the Court conducted a change of plea hearing in this case, during which the Defendant pled guilty to Count Twenty-Four of the Indictment. *See* Change of Plea Minutes, ECF No. 500; Plea Agreement, ECF No. 506. On pages 8-9, paragraph 16, of the Plea

Agreement [ECF No. 506], the Defendant agreed to forfeit the following personal property pursuant to Title 18, United States Code, Section 982(a)(1):

(a) All funds on deposit or previously seized by the United States from Bank of America account 003765605611 held in the name of the Richard Waserstein;

(b) All funds on deposit or previously seized by the United States from Bank of America account 898082983551 held in the name of Waterstone Capital Management, LLC;

(c) All funds on deposit or previously seized by the United States from Marquis Bank account 11049575, held in the name of Ness Group Foundation, Inc; and

(d) All funds on deposit or previously seized by the United States from Iberia Bank account 42001002971, held in the name of Ness Group Foundation, Inc.

(collectively, the "Personal Property").

4. In support of his guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 507.

5. The Court set the Defendant's sentence for April 27, 2022. *See* Order, ECF No. 501.

Therefore, based on the foregoing, the Court hereby

**ORDERS and ADJUDGES** that:

1. The Motion is **GRANTED**.

2. The following property is hereby forfeited and vested in the United States of America pursuant to Title 18, United States Code, Section 982(a)(1), Title 21, United States Code, Section 853, and Rule 32.2 of the Federal Rules of Criminal Procedure:

(a) All funds on deposit or previously seized by the United States from Bank of America account 003765605611 held in the name of the Richard Waserstein;

(b) All funds on deposit or previously seized by the United States from Bank of

America account 898082983551 held in the name of Waterstone Capital Management, LLC;

   (c) All funds on deposit or previously seized by the United States from Marquis Bank account 11049575, held in the name of Ness Group Foundation, Inc; and

   (d) All funds on deposit or previously seized by the United States from Iberia Bank account 42001002971, held in the name of Ness Group Foundation, Inc.

(collectively, the "Personal Property").

  3. The United States, or any duly authorized law enforcement agency, is authorized and may seize the Personal Property pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

  4. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of the Personal Property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure, and Title 21, United States Code, Section 853(m).

  5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

  6. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

  **DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida this _____ day of March 2022.

                  _____
                  **WILLIAM P. DIMITROULEAS**
                  **UNITED STATES DISTRICT JUDGE**

cc: counsel of record